UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHARLOTTE MCKIMMY,

        Plaintiff,

  v.

JOANNE B. BARNHART,

        Defendant.

No. CV-04-3052-FVS

ORDER

**THIS MATTER** comes before the Court on cross motions for summary judgement by the plaintiff, Ct. Rec. 12, and the defendant, Ct. Rec. 18. Ms. McKimmy is represented by D. James Tree. Ms. Barnhart, Commissioner of the Social Security Administration, is represented by Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney David Blume.

**I.   JURISDICTION**

Ms. McKimmy protectively filed Social Security Insurance and Disability Insurance Benefits applications on October 15, 2001. (Tr. 200.) The plaintiff alleged that she had an onset date of January 1, 2000. (Id.) Her application was denied initially, Tr. 176-179, and on reconsideration, Tr. 181-183. After timely requesting a hearing, the plaintiff appeared before Administrative Law Judge ("ALJ") Verrell Dethloff on April 22, 2003. (Tr. 360-75.) The ALJ issued a decision on August 29, 2003, finding that the plaintiff was not disabled and denying her claim. (Tr. 19-32.) The Appeals Council

ORDER - 1

denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 9-11.) The instant matter is before the district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).[1]

Step 1: Is the claimant engaged in substantial gainful

---

[1] Certain sections of 20 C.F.R. addressing Title II and Title XVI benefits were recently amended. 68 F.R. 51153. The amendments are applicable to administrative decisions dated on or after September 25, 2003. 68 F.R. 51159. Accordingly, the amendments are not applicable here. Any reference to C.F.R. sections in this opinion is pre-amendment pending publication of the amendments in April 2004.

ORDER - 2

activities?  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is, benefits are denied.  If she is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform her previous work, she is not disabled.  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education and work experience?  If the claimant is able to perform other work in the national economy, then she is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER - 3

The initial burden of proof rests upon the plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*,

648 F.2d 525, 526 (9th Cir. 1980)). We cannot affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); however, if the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1987).

### IV.  STATEMENT OF FACTS

The facts have been presented in the administrative transcript and will only be summarized here. At the time the ALJ issued his decision, the plaintiff was 45 years old. (Tr. 20.) She has a high school education and some college education. (Tr. 216.) Her past relevant work was as a waitress. (Tr. 29.) Plaintiff alleges that she has been disabled since January 1, 2000, due to hepatitis C, cellulitis of her legs, abdominal pain, fatigue, arthritis of her knee and back, and kidney problems. (Tr. 20.)

### V.  COMMISSIONER'S FINDINGS

At Step One, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the onset of her disability. (Tr. 21.) At Step Two, the ALJ found that the plaintiff's hepatitis C and drug addiction were severe impairments. Id. At Step Three, the ALJ found that the plaintiff's impairments, alone and in combination, did not meet or equal any of the

ORDER - 5

impairments described in the listing of impairments. Id. The ALJ determined that the plaintiff retained the residual functional capacity to perform sedentary work not requiring lifting and carrying of more than 20 pounds occasionally and 10 pounds frequently, sitting more than six hours in an eight-hour day and standing and/or walking more than two hours in an eight-hour day. (Tr. 22.) Proceeding to Step Four, the ALJ found that the plaintiff was unable to perform her past relevant work. (Tr. 29.) At Step Five, however, the ALJ determined that the plaintiff could perform the demands of jobs fitting into the category of sedentary work. (Tr. 30.) Accordingly, the ALJ determined that the plaintiff was not disabled within the definition of the Social Security Act. Id.; 20 C.F.R. §§ 404.1520(f), 416.920(f).

## VI.   ISSUES

The plaintiff contends that the Commissioner's findings are tainted by legal error and not supported by substantial evidence. The plaintiff argues that the Commissioner's decision was in error because:

1. The ALJ failed to conduct an adequate drug and alcohol abuse ("DAA") evaluation;
2. The ALJ failed to fully and fairly develop the record regarding the plaintiff's mental impairments;
3. The ALJ improperly rejected the opinion of the plaintiff's treating physician;
4. The ALJ failed to provide adequate reasons for rejecting the testimony of lay witnesses; and

ORDER - 6

>     5.  The ALJ, in assessing Step Five, failed to call a
>         vocational expert despite the plaintiff's non-exertional
>         limitations.

Ct. Rec. 13 at 8.

The Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

**A. ADEQUACY OF THE DAA EVALUATION**

The plaintiff alleges that the ALJ erred in evaluating her claim for disability because he did not make a proper evaluation of the effects of her drug abuse. It is well settled in this Circuit that an ALJ must conduct the five-step inquiry without attempting to determine the impact of alcoholism or drug addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. *Id*. If the ALJ finds that claimant is disabled, and there is evidence of substance abuse, the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance abuse. *Id*.

In the case at bar, the record does not indicate that the ALJ prematurely separated out the impact of the plaintiff's substance abuse. The record does indicate that the ALJ considered the plaintiff's substance abuse in determining that she was limited to

ORDER - 7

sedentary work, but this consideration was taken in conjunction with evidence from the record as a whole, including the plaintiff's own testimony. (Tr. 24-29.) After determining the plaintiff's residual functional capacity to engage in sedentary work, the ALJ went on to analyze her ability to do her past relevant work and whether jobs were available in the national economy. This was not a legal error.

In this same context, the plaintiff argues that the ALJ erred in discounting her fatigue, because it was not clear whether the fatigue was caused by drug abuse or other impairments. At Step Three, the ALJ found that the plaintiff's impairments individually and in combination did not meet the criteria of any the listed impairments. The record indicates that the plaintiff was able to care for her own needs, babysit her grandchild, and do light household work. (Tr. 27.) The ALJ indicates that it is not possible to determine the extent of the plaintiff's fatigue and weakness until her drug use ceases, but even without cessation of use, there is substantial evidence that the plaintiff's fatigue does not rise to the level of rendering her disabled.

The plaintiff's arguments as to this issue do not support remand of this case for reconsideration.

**B. RECORD AS TO THE PLAINTIFF'S MENTAL IMPAIRMENTS**

The plaintiff alleges that the ALJ erred because he did not fully develop the record as to the plaintiff's mental impairments. The plaintiff argues that the ALJ should have ordered an evaluation of what effect the plaintiff's drug abuse might have on her other impairments or should have allowed evidence to be gathered regarding

ORDER - 8

the plaintiff's mental impairments separate from her drug abuse.

While the Commissioner is given great discretion in determining whether or not to call for an consultative examination, such an examination may be necessary where additional evidence is needed, which is not contained in the claimant's records or the evidence contained in the records is ambiguous or insufficient. 20 C.F.R. §§ 404.1519a(b)(1), (4), 416.919a(b)(1), (4). A consultative exam may also be ordered when the examination is necessary in order to make a disability determination. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Here, the ALJ indicated that a consultative examination was not necessary. (Tr. 27.) The ALJ stated that the plaintiff's testimony of past abuse was not supported by evidence which would form the basis for having such as examination done. (Id.) There is substantial evidence in the record to support the ALJ's finding that a consultative examination was not necessary. This includes the information provided by the plaintiff's treating physician, testimony of the medical expert, and the plaintiff's testimony, which the ALJ found to be credible to only a limited extent. The ALJ did not err in refusing the plaintiff's request for a consultative examination and this argument does not form the basis for remand.

**C. REJECTION OF TREATING PHYSICIAN'S OPINION**

The plaintiff alleges that the ALJ erred because he improperly rejected the opinion of her treating physician. The plaintiff argues that the ALJ did not provide a sufficient basis for rejecting Dr. Martinez's opinion regarding the plaintiff's fatigue, anxiety, and

depression.  A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing or consulting physician's opinion.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

In a disability proceeding, the treating physician's opinion is given special weight because he is employed to cure and has a greater opportunity to observe the claimant's physical condition.  *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.  The treating physician's uncontradicted opinion on the ultimate issue of disability must itself be credited unless it can be rejected for clear and convincing reasons.  *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001)(citation omitted).

The plaintiff's argument that the opinion of her treating physician was improperly rejected is not supported by evidence in the record.  A reading of the ALJ's opinion indicates that he gave significant weight to Dr. Martinez's opinion that the plaintiff could perform sedentary work.  (Tr. 23 (citing Exhibit 10F).)  Dr. Martinez indicated that the plaintiff's ability to do sedentary work was a result of her hepatitis C, fatigue and knee pain, but indicated that if the plaintiff stayed clean and sober, she could return to work as

ORDER - 10

a waitress. (Id. at 24 (citing Exhibit 10F).) There is nothing in the record to indicate that the ALJ's determination contradicted Dr. Martinez's opinion. Instead, every indication is that her opinion about the extent of the plaintiff's conditions and the effect of these conditions on her ability to work was taken into account. The plaintiff's argument as to this issue does not form the basis for remand.

**D. REJECTION OF LAY WITNESS TESTIMONY**

The plaintiff argues that the ALJ erred because he rejected lay witness testimony without providing and adequate basis for the rejection. "Lay testimony to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The fact that lay testimony conflicts with medical evidence is an adequate basis for disregarding lay testimony. *Id.* (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, the plaintiff's neighbor, James Emmons, observed that the plaintiff could only move around for a couple hours at a time, often had to take naps, could walk up to two miles unassisted, couldn't carry over ten pounds for long periods of time, and has slurred speech when she is tired. (Tr. 63-64.) The ALJ disregarded Mr. Emmons testimony. He stated, "I am unable to credit this lay witness' statements in this matter as probative in terms of the ultimate issue of disability in light the medical and other factors of this case." (Tr. 27.) The ALJ went on to conclude "that the lay

ORDER - 11

testimony in this case cannot <u>outweigh</u> my analysis of the objective clinical and laboratory evidence, and medical opinion of record, and of claimant's own credibility." (Tr. 29.) A reading of the ALJ's opinion does not indicate that Mr. Emmons' statements were discredited because of inconsistencies with medical evidence. Instead, the record indicates that even with the information provided by Mr. Emmons' statements, the plaintiff did not meet her burden of proving disability. (Tr. 29.) The ALJ did not commit legal error in giving Mr. Emmons' statements less weight than the medical evidence. This argument does not form the basis for remand.

**E. FAILURE TO CALL VOCATIONAL EXPERT**

The plaintiff alleges that the ALJ erred in not calling a vocational expert when both exertional and non-exertional limitations were alleged. The fact that a claimant presents with both exertional and non-exertional limitations does not preclude application of the grids in determining disability. *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991) (en banc). "[T]he grids may be used to find a claimant not disabled when the ALJ finds that the claimant's non-exertional limitations do not significantly affect his exertional capabilitites. *Id.* (citing *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir. 1986), *modified*, 794 F.2d 1348 (9th Cir. 1986). Alternatively, "where a claimant's non-exertional limitations *do* significantly limit his range of work, then use of the grids to find him not disabled is inappropriate." *Id.* (citing *Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).

ORDER - 12

Here, the ALJ determined that the plaintiff could fully perform all of demands of jobs within the category of sedentary work. (Tr. 30.) Review of the record as a whole, including the plaintiff's testimony, lay testimony, and medical evidence does not seem to indicate that any non-exertional limitations from which the plaintiff may suffer, rise to the level of significantly affecting her ability to carry out those jobs within the classification of sedentary work. It was appropriate for the ALJ to look to the grids in making his disability determination. This argument does not form the basis for remand.

**CONCLUSION:**

Having reviewed the record as a whole, the Court determines that there is substantial evidence to support the ALJ's determination that the plaintiff is not disabled. The ALJ did not apply improper legal standards in reaching his decision. Accordingly,

**IT IS HEREBY ORDERED** that Ms. Barnhart's Motion for Summary Judgment, **Ct. Rec. 18**, be **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   4th    day of August, 2005.

                          s/ Fred Van Sickle
                          Fred Van Sickle
                    United States District Judge

ORDER - 13